IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KENDRICK D. GREEN, §
(TDCJ No. 1525505) §
VS. § CIVIL ACTION NO.4:09-CV-276-Y
 §
 §
HAROLD A. ATKINSON, et al. §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)
(With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff Kendrick D. Green's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). In this case, Green submitted a form civil-rights complaint with attachments seeking relief under 42 U.S.C. § 1983. He has recently filed a motion for leave to file a "Memorandum of Law in Support of Original Complaint 42 U.S.C. § 1983." After review and consideration of this motion, the Court concludes that it should be granted to the extent the Court will review the document proposed for filing as a supplemental complaint.[1] The Court will review both the complaint and supplemental complaint.

Green names as defendants the warden, the assistant warden, and several food-service managers at the Texas Department of Criminal Justice's ("TDCJ") Middleton unit. (Compl. Style; § IV(B).) He

---

[1] Although the document contains arguments and citations to case authority, it also contains a "Statement of Facts" section. Because plaintiff Green swore, under penalty of perjury, that the facts stated therein are true and correct under penalty of perjury, the Court will consider these additional facts as a supplement. Therefore, the motion for leave to file (docket no. 7) is GRANTED. The clerk of Court is directed to file the document submitted with Green's motion as a "Supplemental Complaint."

alleges that the food-service managers "did not properly screen food to prevent harm or injury," and that the warden and assistant warden "allowed food service to not properly screen food to prevent harm or injury." (Compl. § IV (B)). These allegations arise from Green's claim that on January 15, 2009, while eating a piece of cornbread during lunch, he bit down on a metal nut that chipped his tooth and shot pain through his face. (Compl. § V.) Green spit out the nut and a piece of his tooth, and realized he was bleeding. (Supplemental Complaint (Supp. Compl.) at 3.) Green took the nut and showed it to a lieutenant, who immediately sent him to the infirmary for medical treatment, because "food service employees should never [sic] allowed this to happen." (Compl. § V.) The nurse directed that Green be taken for dental care, and he was immediately provided medical/dental care of an x-ray and an examination by the dentist. The next day, Green was again taken to the dental clinic, where he was moved to the head of the dental intake list, and treated by the dentist and given a permanent silver filling.[2] (Supp. Compl. at 4-5.) Green writes that while he was in the dental clinic on the day of the incident, Captain Atkinson and Sergeant Scott, food-service employees, came to question him, and "sought to shift the blame to 'production' for the object ending up in the cornbread," with Atkinson stating "its happened before and theres [sic] nothing they can do about it." (Supp. Compl. at 4.) Green

---

[2] Green does not complain of, or make any claims arising from, the medical care given to him after the injury to his tooth.

2

also acknowledged that Atkinson then ordered Sergeant Scott to return to the kitchen and check all the hand tools and mixers to be sure nothing was missing from any of the tools or mixing equipment. (Supp. Compl. at 4.) Green seeks both monetary damages and declaratory judgment. (Compl. § VI; Supp. Compl. at 7.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal

---

[3] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[6] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

theory."[7] After review of the complaint as supplemented under these standards, the Court concludes that Kendrick Green's claims must be dismissed.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[8] Plaintiff's allegations fail to satisfy the first element.  In order to maintain an action for deprivation of the constitutional right to be free of cruel and unusual punishment, a prisoner plaintiff must allege facts that indicate prison officials were deliberately indifferent to his safety.[9] Mere negligence with regard to a plaintiff's injuries will not give rise to a constitutional violation.[10]

Plaintiff Green unquestionably recites that he was injured as the result of a foreign object's being in the food provided to him. But as the United States Court of Appeals for the Fifth Circuit

---

[7] *See Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *see also Southwestern Bell Telephone, LP v. City of Houston,* 523 F.3d 257, 260 (5th Cir. 2008).

[9] *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994)(Eighth Amendment requires subjective deliberate indifference, the official must know of and disregard an excessive risk to inmate health or safety); *see also Whitley v. Albers,* 475 U.S. 312, 332 (1986)(Eighth Amendment requires allegation of unnecessary and wanton infliction of pain).

[10] *Daniels v. Williams,* 474 U.S. 327, 332 (1986); *George v. King,* 837 F.2d 705, 707 (5th Cir. 1988)(noting that mere negligence in the provision of food is not a sufficient basis for constitutional claims).

4

explained "'the fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'"[11] Similarly, in *George v. King*, the Fifth Circuit expressly held that a single incident of unintended food poisoning does not amount to a violation of the constitutional rights of affected prisoners.[12] Under these holdings, the Court concludes that, as Green recites only one incident of foreign matter in the food provided to him at the Middleton unit, he has not stated a constitutional violation.

Green contends that Atkinson's statement about incidents such as this happening before indicates that such occurrences were common, but Green does not recite facts regarding other instances of foreign objects in the food, or of foreign objects in food harming any other inmate.[13]  Green also contends that the presence of the foreign object in this one instance necessarily implies that TDCJ does not take reasonable safety measures to "screen out potential harmful foreign objects," and that "mixes are not sifted adequately [for] foreign objects." (Supp. Compl. At 6.) But these conclusions are not supported by the one incident alleged by Green. Rather, Captain Atkinson's directing the sergeant to determine if

---

[11]*Hyder v. Perez,* 85 F.3d 624, 1996 WL 255243 at *1 (5th Cir. April 29, 1996)(unpublished-copy attached)(quoting *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied,* 475 U.S. 1096 (1986)); *see also see also Lile v. Tippecanoe County Jail,* 844 F.Supp. 1301, 1310 (N.D. Ind. 1992)(same).

[12]837 F.2d at 707.

[13]*Cf Hyder,* 1996 WL 255243, at *1 (remanding case to district court for further factual development where inmate had specifically alleged that foreign matter was present 5 out of 27 times).

any of the tools or mixing machines were missing any parts implies that defendant Atkinson believed the metal nut in question may have fallen off one of the kitchen tools. Furthermore, as noted above, even if Green's allegations regarding a failure to take adequate measures are true, the failure by TDCJ officials to act reasonably in the preparation of food does not exhibit deliberate indifference or the wanton infliction of pain.[14]

Therefore, all Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE[15] under 28 U.S.C. § 1915A(b)(1), and 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED October 5, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[14] Green has also filed a motion for a Court order to have copies of his medical records produced to the Court. Because the fact that Green was injured is not at issue, the Court DENIES the motion (docket no. 6).

[15] To the extent plaintiff Green has alleged negligence or other state-law causes of action against any defendant, the Court declines to exercise supplemental jurisdiction over such claims under 28 U.S.C. § 1367(c)(3), such that any such claims are DISMISSED WITHOUT PREJUDICE. Thus, the Court expressly notes that this order does not affect Plaintiff's right to assert common-law negligence or other state-law claims in state court.

6